IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:07cr341 |
| v. | : | (Judge Munley) |
| AARON SAUNDERS,<br>　　　　　Defendant | : | |

## MEMORANDUM & ORDER

Before the court is Petitioner Aaron Saunders' motion for reconsideration (Doc. 712) of our Order on March 5, 2012 (Doc. 710) denying his motion to reduce his sentence. The instant motion has been fully briefed and is ripe for disposition.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The movant must demonstrate one of three grounds in order for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. Max's Seafood Cafe, 176 F.3d at 677. A motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

On June 7, 2011, defendant was sentenced pursuant to the terms of the Rule 11(c)(1)(C) plea agreement for distribution of cocaine base (crack) as an aider or abettor. (Doc. 655, Plea Agreem. ¶ 2). Based on his prior criminal history, defendant qualified as a Career Offender under U.S.S.G. § 4B1.1. (Pre-Sentence Investigation Report (hereafter "PSR") ¶

50). After a three-level reduction for accepting responsibility, his offense level was a 29 and his criminal history category was a VI, resulting in a sentencing guideline range of 151 to 188 months imprisonment. (PSR ¶¶ 50, 74). The court accepted defendant's plea agreement and sentenced him to the agreed upon term of 78 months imprisonment. (Doc. 677, Judgment at 2).

On January 9, 2012, defendant filed a "Motion for Correction or Modification of Sentence per 18 U.S.C. § 3582(c)(2)." (Doc. 702). The motion was made pursuant to the United States Sentencing Commission's amendment to the Federal Sentencing Guidelines, lowering the applicable guideline range for offenses involving "crack cocaine." See U.S.S.G. App. C, Amdt. 706. On March 5, 2012, this court denied defendant's motion. (Doc. 710). On March 19, 2012, defendant filed the instant motion for reconsideration. (Doc. 712). On that same date, he also filed a notice of appeal. (Doc. 713).

While the defendant does not specifically argue in favor of one of the three grounds for which his motion for reconsideration should be granted, we construe his motion as one for the correction of a clear error of law or to prevent manifest injustice. See Max's Seafood Cafe, 176 F.3d at 677. Defendant argues that this court did not address the merits of his Section 3582(c)(2) motion or consider his Rule 11(c)(1)(C) plea agreement in light of the Supreme Court decision in Freeman v. United States, - - U.S. - -, 131 S. Ct. 2685 (2011). (Doc. 712, Mot for Reconsid. ¶¶ 7-8).[1]

---

[1] Defendant also argues that this court "failed to address and thus abused its discretion when it failed to adjudicate the claims by Saunders in regards to applicability of 18 U.S.C. §§ 3621(b) and 3624(c)(6) concerning

Under Section 3582(c)(2), a district court may modify a defendant's term of imprisonment, if two conditions are satisfied. First, the defendant must have been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered. 18 U.S.C. § 3582(c)(2); United States v. Doe, 564 F.3d 305, 309 (3d Cir. 2009). Second, the sentence reduction must be consistent with applicable policy statements issued by the Sentencing Commission. Id. A reduction is not consistent with the policy statement if the amendment does not have the effect of lowering the defendant's "applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B) (2011).

In 2011, the Sentencing Commission issued commentary addressing a defendant's eligibility under Section 3582(c)(2) and the definition of the "applicable guideline range." Section 1B1.10 provides that the applicable guideline range is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10

---

sufficient time in a Residential Re-entry Center (RRC) placement, therefore depriving him remedy in law." (Doc. 712, Mot for Reconsid. ¶ 1). However, a motion under Section 3582(c)(2) was not the proper vehicle for which to bring such claims. See 18 U.S.C. § 3582(c)(2). To challenge the Bureau of Prison's decision to exclude defendant from release to an RRC, defendant should have filed a habeas corpus action pursuant to 28 U.S.C. § 2241 after exhausting the appropriate administrative remedies. Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242-44 (3d Cir. 2005); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001) ("Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence.")

cmt. n. 1(A) (2011) (emphasis added).

In Freeman v. United States, a plurality of the Supreme Court found that a district court has the authority to entertain a motion to reduce sentence even when the defendant enters into a Rule 11(c)(1)(C) agreement.  131 S. Ct. at 2693 (plurality opinion).  Justice Sotomayor, concurring in judgment, found that a limited number of defendants, those who had plea agreements expressly "based on" a Guideline range, are eligible for a reduction under the first condition of Section 3582(c)(2).[2]  Id. at 2695 (Sotomayor, J., concurring).  We find that this decision did not alter the second requirement, directing the district court to consider the applicable policy statements.

In the instant case, defendant sought a sentence reduction under Section 3582(c)(2) pursuant to the retroactive crack cocaine amendments. We turn to the second condition of Section 3582(c)(2) that requires the reduction be consistent with the Sentencing Commission's policy statements, specifically that the reduction must lower defendant's applicable guideline range.  Under the 2011 commentary, defendant's applicable range is determined prior to any departure.  Defendant qualified as a career offender and his applicable guideline range was derived from the Career Offender Guidelines.  As the amended crack cocaine guidelines did not lower the Career Offender Guidelines, it would not be consistent

---

[2]  Justice Sotomayor's concurrence is the narrowest grounds for the decision and is therefore the controlling holding.  See Marks v. United States, 430 U.S. 188, 993 (1977) (citation omitted) ("When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds . . . .'")

4

with the policy statements to grant defendant a sentence reduction.

We do not need to address the issue as to whether defendant's sentence was "based on" the sentencing guidelines under the first requirement of Section 3582(c)(2). While defendant entered into a Rule 11(c)(1)(C) binding plea agreement, making the <u>Freeman</u> decision relevant to the basis of defendant's sentence, we already found that his applicable guideline range was unaltered by the amendments. As defendant could not satisfy both prongs under Section 3582(c)(2), he was not eligible for a sentencing reduction. Therefore, there is no need to correct a clear error of law or to prevent manifest injustice.

Accordingly, it is hereby **ORDERED** that the defendant's motion for reconsideration (Doc. 712) of our order denying the defendant's motion for reduction of his sentence is **DENIED**.

**BY THE COURT:**

**DATED:** 4/3/12    <u>s/ James M. Munley</u>
**JUDGE JAMES M. MUNLEY**
**United States District Court**